CHARLES COLBROTH v. FLICK & JOHNSON CONSTRUCTION
COMPANY.[1]

ıNovember 20, 1903.

Nos. 13,558—(66).

**Contract—Pleading.**

Upon a general demurrer to a complaint, two alleged causes of action
are considered together as constituting one, and *held* sufficiently to set
forth facts showing breach of a written contract to furnish a certain
number of horses and properly care for the same during the contract
period.

Appeal by defendant from an order of the district court for St. Louis
county, Cant, J., overruling a demurrer to the first and second causes
of action in the complaint. Affirmed.

*Alford & Hunt,* for appellant.

*J. B. Richards,* for respondent.

LOVELY, J.[2]

Appeal from an order overruling a general demurrer to two causes
of action. The suit was brought to recover damages for breaches of
a written contract, the material portions of which provide that, in con-
sideration of a specified sum to be paid each month, the plaintiff was
to furnish defendant fifteen pairs of horses to be loaded on the cars
at Duluth, and shipped to Northfield, to be used by defendant in grad-
ing a railroad roadbed. The horses were to be returned when the
work was completed in as good condition as received. If any of the
horses died or were injured through fault or neglect of defendant, it
was to replace the same. The defendant was to take proper care of
the stock, feed and shelter them when they were not working, and re-
turn them upon reasonable demand, not later than a specified date.
Other portions of the contract are not material, and are omitted.

The plaintiff has divided the complaint into three parts, each of
which is designated as a separate cause of action. The contract is at-
tached to, and made a part of the complaint. In the first it is stated that

[1] Reported in 97 N. W. 375.

[2] START, C. J., absent, sick, took no part.

in all things plaintiff duly performed the agreements and conditions specified in the written agreement, but defendant failed to keep its agreements, particularly as follows: That, while plaintiff furnished horses and performed labor under the contract, which labor defendant received, and for which, by the terms of the contract, it promised to pay a certain sum, it has failed so to do. In the second cause plaintiff reaffirms the allegations in the first, and states that at divers times in 1902, prior to October 5, plaintiff furnished feed and material in the necessary care of these horses, owing to the neglect of defendant to provide the same, and expended moneys in the necessary shipment and for railway fares of men and horses in a specified sum, which defendant had agreed to pay for, but refused to do so, for which remuneration is sought. The demurrer to the third cause of action was sustained, and need not be considered.

The principal objection to the first cause of action is that the allegations that plaintiff had complied with the agreement in all things is qualified by the further statement that he performed labor, without setting forth that he furnished the horses, which is insufficient, because the specified averment controls the general statement, and no labor was to be performed under the contract. That with reference to the second cause of action the plaintiff alleged that prior to October 5, 1902, he furnished feed, material, etc., but that since defendant was not required to do this, under the agreement, until after June 28, 1902, these things might have been done long before there was any legal obligation to do so.

In disposing of these objections, we are of the opinion that the first and second causes were for damages for breaches of the written agreement, and it appears reasonably clear that the furnishing of the horses for the performance of labor under the contract, as well as the necessary care of the same, was within the terms limited thereby; and, while such conditions might have been more specifically set forth, yet defendant could not have been misled as to the real purpose of plaintiff's claims. Upon a general demurrer, it must be assumed that the facts stated therein, with every reasonable intendment or inference that can be implied therefrom, are true. Dunnell, Minn. Pl. 736, and cases cited.

Order affirmed.